UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:14-cv-02533-CAS(RZx) | Date | May 15, 2014 |
|---|---|---|---|
| Title | BRUCE DAVIS V. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS): ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

## I.   INTRODUCTION AND BACKGROUND

On April 3, 2014, plaintiff Bruce Davis filed this action against defendants Wright Medical Technology, Inc., Wright Medical Group, Inc., Advanced Surgical Devises, Inc., William Zurowski, and Does 1-50 in Los Angeles County Superior Court. Plaintiff asserts claims for (1) strict products liability – manufacturing defect, (2) strict products liability – failure to warn, (3) strict products liability – unreasonably dangerous design, (4) negligence, (5) negligence – failure to recall/retrofit, (6) breach of express warranty, (7) breach of implied warranty, (8) fraudulent misrepresentation, (9) fraudulent concealment, (10) negligent misrepresentation. In brief, plaintiff alleges that he underwent total hip replacement surgery in 2007, in which doctors surgically implanted defendants' PROFEMUR Total Hip System. Compl. ¶ 65. On September 28, 2011, the "neck" of plaintiff's hip implant fractured while plaintiff was walking his dog. Id. ¶ 68. Plaintiff alleges that defendants concealed a long history of this type of fracture involving PROFEMUR hip replacements.

Wright Medical Technology removed the case to this Court on April 3, 2014, contending that this Court has original jurisdiction over this action based on diversity of citizenship. Id. Wright Medical Technology avers that it, as well as Wright Medical Group, are Delaware corporations with their principal places of business in Tennessee. Notice of Removal ¶¶ 11-12. Wright Medical Technology acknowledges that the complaint alleges that plaintiff, as well as defendants Advanced Surgical Devises, Inc. and William Zurowski, are citizens of California. Id. ¶ 15; compl. ¶¶ 6-7. However, Wright Medical Technology contends that Advanced Surgical Devises and William Zurowski are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-02533-CAS(RZx) | Date | May 15, 2014 |
|---|---|---|---|
| Title | BRUCE DAVIS V. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |

"sham" defendants, whose citizenship can be disregarded for the purposes of assessing this Court's subject matter jurisdiction. Id.

## II.   LEGAL STANDARD

Removal is proper where the federal courts have original jurisdiction over an action brought in state court. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), the federal courts have original jurisdiction over state law actions only where the amount in controversy exceeds $75,000 and the action is between parties of diverse citizenship.

An exception to the requirement of complete diversity exists where it appears that a plaintiff has fraudulently joined a "sham" non-diverse defendant. Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 2:670 (The Rutter Group 2005). If a court finds fraudulent joinder of a "sham" defendant, it may disregard the citizenship of the "sham" defendant for removal purposes. Id. "Fraudulent joinder" is a term of art, and requires no proof of scienter on the part of the plaintiff. Id. ¶ 2:671. Instead, a non-diverse defendant is said to be fraudulently joined where "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

Courts also recognize a "strong presumption" against removal jurisdiction; the burden is on the removing defendant to demonstrate that removal is proper. See, e.g., Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Similarly, "courts generally employ a presumption against fraudulent joinder." Diaz v. Allstate Ins. Group, 185 F.R.D. 581, 586 (C.D. Cal. 1998) (citations omitted).

Accordingly, "[t]he burden of proving a fraudulent joinder is a heavy one. The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court . . ." Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983) (citations omitted); see also Dodson v. Spiliada Mar. Corp., 951 F.2d 40, 42 (5th Cir. 1992) ("We do not decide whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that he may do so. If that possibility exists, then a good faith assertion of such an expectancy in a state court is not a sham . . . and is not fraudulent in fact or in law.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-02533-CAS(RZx) | Date | May 15, 2014 |
|---|---|---|---|
| Title | BRUCE DAVIS V. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |

(citations and internal quotation marks omitted); Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant.") (citing Dodson 951 F.2d at 42).  In accordance with this high standard, courts must resolve all issues of fact and all ambiguities in the law in favor of the non-removing party when deciding whether fraudulent joinder exists in a given case. Dodson, 951 F.2d at 42.  Further, the court may consider "affidavits or other evidence (presented by either party) on the issue of whether a particular defendant's joinder is sham or 'fraudulent.'"  Schwarzer ¶ 2:681 (citing W. Am. Corp. v. Vaughan Basset Furniture, 765 F.2d 932, 936 n.6 (9th Cir. 1985)).

### III.   ANALYSIS

Wright Medical Technology argues that defendants Advanced Surgical Devises, and William Zurowski are sham defendants because the complaint fails to state a claim against them, and this failure is obvious according to the settled rules of California law.  Dkt. 32 (citing McCabe, 811 F.2d at 1339).  The crux of Wright Medical Technology's argument is that plaintiff's claims against Advanced Surgical Devises and William Zurowski are time-barred by California's statutes of limitations governing the claims asserted by plaintiff.

This argument fails because there appears to be a "possibility" that plaintiff's claims are not time barred.  See Dodson, 951 F.2d at 42.  California law affords plaintiffs the benefit of several doctrines that potentially modify the strict operation of statutes of limitations, such as the discovery rule, equitable tolling, and equitable estoppel.  See Justice William F. Rylaarsdam, et al., California Practice Guide: Civil Procedure Before Trial, Statutes of Limitations  ¶¶ 3:101-166, 6:5-15, 7:1-15 (The Rutter Group 2014).  In particular, because plaintiff asserts that defendants did not disclose the PROFEMUR implant's history of fracturing, this case may raise questions of whether the statute of limitations is tolled by fraudulent concealment.  See Guerrero v. Gates, 442 F.3d 697, 706 (9th Cir. 2006) ("Equitable estoppel, also termed fraudulent concealment, halts the statute of limitations when there is active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time." (quotations omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-02533-CAS(RZx) | Date | May 15, 2014 |
|---|---|---|---|
| Title | BRUCE DAVIS V. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |

The Court, of course, does not reach the merits of any of these issues. But given that defendants must "meet [a] heavy burden of showing that there is no possibility that the plaintiff will be able to establish" a claim for relief against the non-diverse defendants, see Vigil v. HMS Host USA, Inc., 2012 WL 3283400, at *4 (N.D. Cal. Aug. 10, 2012), it appears that Advanced Surgical Devises, and William Zurowski are not fraudulently joined. This is especially so in view of the fact that fraudulent joinder is not present unless the claim is "[in]curable by amendment." See Martinez v. Gen. Dynamics C4 Sys., Inc., 2012 WL 1831569, at *2 (N.D. Cal. May 18, 2012).

## IV.   CONCLUSION

In accordance with the foregoing, defendants are hereby ORDERED TO SHOW CAUSE at the hearing currently scheduled for May 19, 2014 why this action should not be remanded to Los Angeles County Superior Court.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |