UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-02533-CAS(RZx) | Date | May 19, 2014 |
|---|---|---|---|
| Title | BRUCE DAVIS V. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Peter Kaufman | Micaela Banach |

**Proceedings:** MOTION TO DISMISS (Dkt. 7, filed April 10, 2014)

## I. INTRODUCTION AND BACKGROUND

On April 3, 2014, plaintiff Bruce Davis filed this action against defendants Wright Medical Technology, Inc., Wright Medical Group, Inc., Advanced Surgical Devises, Inc., William Zurowski, and Does 1-50 in Los Angeles County Superior Court. Plaintiff asserts claims for (1) strict products liability – manufacturing defect, (2) strict products liability – failure to warn, (3) strict products liability – unreasonably dangerous design, (4) negligence, (5) negligence – failure to recall/retrofit, (6) breach of express warranty, (7) breach of implied warranty, (8) fraudulent misrepresentation, (9) fraudulent concealment, (10) negligent misrepresentation. On March 12, 2014, defendants removed the case to this Court on the basis of diversity jurisdiction.[1] Dkt. 1. In brief, plaintiff alleges that he underwent total hip replacement surgery in 2007, in which doctors surgically implanted defendants' PROFEMUR Total Hip System. Compl. ¶ 65. On September 28, 2011, the "neck" of plaintiff's hip implant fractured while plaintiff was walking his dog. Id. ¶ 68. Plaintiff alleges that defendants concealed a long history of this type of fracture involving PROFEMUR hip replacements.

On April 10, 2014, Wright Medical Technology moved to dismiss plaintiff's third, sixth, eighth, ninth, and tenth claims, as well as plaintiff's request for punitive damages. Dkt. 7. On April 28, 2014, plaintiff filed his opposition, dkt. 10, and on May 5, 2014,

---

[1] On May 15, 2014, the Court ordered defendants to show cause why this case should not be remanded due to potential defects in this Court's subject matter jurisdiction. Dkt. 15. At the hearing held on May 19, the parties informed the Court that they had agreed to dismiss the non-diverse defendants. Accordingly, the Court hereby DISCHARGES the order to show cause.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-02533-CAS(RZx) | Date | May 19, 2014 |
|---|---|---|---|
| Title | BRUCE DAVIS V. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |

Wright Medical Technology replied, dkt. 13. On May 19, 2014, the Court held a hearing. After considering the parties' arguments, the Court finds and concludes as follows.

## II.     LEGAL STANDARD

### A. Motion to Dismiss

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-02533-CAS(RZx) | Date | May 19, 2014 |
|---|---|---|---|
| Title | BRUCE DAVIS V. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |

presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**B. Rule 9(b)**

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim. Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)." Id. However, where a plaintiff alleges claims grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. Id. at 1104.

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-02533-CAS(RZx) | Date | May 19, 2014 |
|---|---|---|---|
| Title | BRUCE DAVIS V. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |

from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false." Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).

### III. ANALYSIS

#### A. Third and Sixth Claims

Wright Medical Technology seeks dismissal of plaintiff's third claim for strict products liability – unreasonably dangerous design, and plaintiff's sixth claim for breach of express warranty. On May 12, 2014, plaintiff filed a notice that he was withdrawing his opposition to Wright Medical Technology's motion to dismiss these two claims. Dkt. 14. Accordingly, the Court dismisses plaintiff's third and sixth claims.

#### B. Eighth, Ninth, and Tenth Claims

Wright Medical Technology seeks dismissal of plaintiff's eighth claim for fraudulent misrepresentation, ninth claim for fraudulent concealment, and tenth claim for negligent misrepresentation. The sole basis for Wright Medical Technology's motion is that although plaintiff's claims sound in fraud, they are not pled with particularity as required by Fed. R. Civ. P. 9(b).

Plaintiff responds that his complaint articulates two bases for his claims sounding in fraud. First, plaintiff cites paragraph 26 of his complaint, which alleges that Wright Medical Technology marketing materials made the following representations:

> [1.] The modular neck used with the Profemur Hip has been employed by Wright Cremascoli for over 15 years. The necks were designed in 1985 and have been successfully implanted in over 50,000 patients requiring both primary and revision hip procedures. The necks are used in other Wright Cremascoli hip

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-02533-CAS(RZx) | Date | May 19, 2014 |
|---|---|---|---|
| Title | BRUCE DAVIS V. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |

systems besides the Profemur Hip.  <u>None of the necks has experienced a clinical failure since their inception</u>.

[2.] The modular neck system, designed by Creamscoli in 1985(U.S. Patent #4,957,510), has now been successfully implanted in over 50,000 patients requiring both primary and revision hip arthroplasty.  Extensive laboratory tests has proven that the coupling between the modular neck and femoral implant <u>guarantees</u>:

- Structural reliability
- <u>Absence of significant micromovement</u>
- <u>Absence of fretting corrosion</u>

Compl. ¶ 26 (emphasis in original).

     Second, plaintiff alleges that Wright Medical Technology failed to disclose reports of neck fractures in PROFEMUR hip implants.  <u>Id.</u> ¶ 42.  Plaintiff similarly alleges that Wright Medical Technology never issued any warnings that the implants should not be used in heavier patients, or patients who engaged in heavy lifting or impact sports.  <u>Id.</u>  Plaintiff argues that his allegations that Wright Medical Technology's failed to disclose this information, together with the alleged affirmative misrepresentations quoted above, state his fraud claims with the requisite particularity.

     The Court agrees.  Rule 9(b) requires that plaintiff's allegations of fraud must be pled with enough particularity to enable Wright Medical Technology to "prepare an adequate answer from the allegations."  <u>Walling</u>, 476 F.2d at 397.  After reviewing the allegations set forth above, the Court concludes that the complaint is sufficiently specific to permit Wright Medical Technology to answer.  Indeed, Wright Medical Technology appears to concede that it grasps the substance of plaintiff's fraud claims:

> Plaintiff alleges that before November 1, 2008, Wright Medical failed to warn of risks associated with the use of the device by heavyweight males and before 2010, Wright Medical failed to include a specific weight restriction, restrictions on heavy lifting, or restrictions on playing impact sports. (Doc. No. 10, p. 7) (citing Complaint ¶¶ 45, 47, 48).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-02533-CAS(RZx) | Date | May 19, 2014 |
|---|---|---|---|
| Title | BRUCE DAVIS V. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |

Reply 5. Wright Medical Technology derides these allegations, asserting that "[t]hese are not allegations [of] fraud; they are Plaintiff's allegations as to his failure to warn claim." Id. But Wright Medical Technology cites no authority for the proposition that factual allegations in support of a failure to warn claim cannot also support fraud claims. Moreover, because much of plaintiff's fraud claims rest on fraudulent omissions, rather than affirmative misrepresentations, the level of specificity required by Rule 9(b) is relaxed. See Falk v. Gen. Motors Corp., 496 F. Supp. 2d 1088, 1099 (N.D. Cal. 2007) ("[A] fraud by omission claim can succeed without the same level of specificity required by a normal fraud claim."). Accordingly, the Court finds that plaintiff's fraud-based claims are pled with the requisite particularity.

At the hearing held on May 19, 2014, Wright Medical Technology pressed its argument that plaintiff had not pled fraud with particularity, contending that the complaint does not allege with sufficient particularity that plaintiff relied on the claimedmisrepresentations or omissions. This contention is better framed not as an argument under Rule 9(b), but instead as arguing that plaintiff has not alleged one of the elements required to state a claim for fraud. The elements of fraud in California are: "(1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." Robinson Helicopter Co. v. Dana Corp., 34 Cal. 4th 979, 990 (2004). To adequately plead reliance, a plaintiff need only "establish a complete causal relationship between the alleged [fraudulent omission] and the harm claimed to have resulted therefrom." Mirkin v. Wasserman, 5 Cal. 4th 1082, 1092 (1993). "It is not necessary that [a plaintiff's] reliance upon the truth of the fraudulent misrepresentation be the sole or even the predominant or decisive factor in influencing his conduct . . . . It is enough that the representation has played a substantial part, and so has been a substantial factor in influencing his decision." Engalla v. Permanente Med. Group, 15 Cal. 4th 951, 976-77 (1997).

Here, as discussed above, plaintiff alleges that Wright Medical Technology concealed a history of failures affecting the implant he received. Specifically, plaintiff states that he and his doctors "relied on Defendants' incomplete and inaccurate representations as to the safety and performance of the PROFEMUR® Total Hip System when selecting, recommending, and implanting the PROFEMUR® Total Hip System." Compl. ¶ 138. In other words, plaintiff alleges that he and his doctors would not have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-02533-CAS(RZx) | Date | May 19, 2014 |
|---|---|---|---|
| Title | BRUCE DAVIS V. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |

chosen Wright Medical Technology's implant if they had known of its history of catastrophic failure. On the basis of these allegations, the Court finds that plaintiff has satisfactorily alleged justifiable reliance. See Romero v. Countrywide Bank, N.A., 740 F. Supp. 2d 1129, 1146 (N.D. Cal. 2010) (explaining that "[p]laintiffs can demonstrate reliance by showing that 'had the omitted information been disclosed, [they] would have been aware of it and behaved differently.'" (quoting Mirkin, 5 Cal. 4th at 1093)).

### C. Punitive Damages

Wright Medical Technology seeks dismissal of plaintiff's "claim" for punitive damages. As an initial matter, a request for punitive damages is not a "claim" and is not the proper subject of a motion to dismiss under Fed. R. Civ. P. 12(b)(6). See Oppenheimer v. Sw. Airlines Co., 2013 WL 3149483 at *3 (S.D. Cal. June 17, 2013) (citing cases). But even if the Court were to construe Wright Medical Technology's motion as a motion to strike pursuant to Fed. R. Civ. P. 12(f), the Court would find that such a motion should be denied. The sole basis for Wright Medical Technology's motion is that plaintiff's request for punitive damages is predicated on plaintiff's fraud claims, and those fraud claims are not pled with sufficient particularity. Because the Court rejects Wright Medical Technology's contention that plaintiff's fraud claims are not pled with particularity, the Court would also find that plaintiff's request for punitive damages should not be stricken.

### IV. CONCLUSION

In accordance with the foregoing, Wright Medical Technology's motion to dismiss is hereby GRANTED IN PART and DENIED IN PART. Defendants are directed to answer in accordance with Fed. R. Civ. P. 12.

IT IS SO ORDERED.

| | 00 | : | 15 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |